# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

STEVE LEBARRON,

Defendant.

Civil Action No. **07  0127**

## FINAL JUDGMENT AS TO DEFENDANT STEVE LEBARRON

The Securities and Exchange Commission having filed a Complaint and Defendant Steve LeBarron ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5], by knowingly providing substantial

assistance to a person who uses any means or instrumentality of interstate commerce, or of the

mails, or of any facility of any national securities exchange, in connection with the purchase or

sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact
necessary in order to make the statements made, in the light of the circumstances
under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would
operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant,

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)] and Exchange Act Rule 13b2-1

[17 C.F.R. § 240.13b2-1], by knowingly providing substantial assistance to any person, with

respect to any issuer that has a class of securities registered pursuant to Section 12 of the

Exchange Act or is required to file reports pursuant to Section 15(d) of the Exchange Act, who:

(a)    knowingly circumvents or knowingly fails to implement a system of internal
accounting controls or knowingly falsifies any book, record, or account described
in Section 13(b)(2) of the Exchange Act; or

(b)    directly or indirectly, falsifies or causes to be falsified, any book, record or
account subject to Section 13(b)(2)(A) of the Exchange Act.

2

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or is required to file reports pursuant to Section 15(d) of the Exchange Act and that:

(1)    fails to make and keep books, records and accounts which in reasonable detail fairly and accurately reflect the transactions and disposition of the assets of the issuer; or

(2)    fails to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

(i)    transactions are executed in accordance with management's general or specific authorization;

(ii)    transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

(iii)    access to assets is permitted only in accordance with management's general or specific authorization; and

(iv)    the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

3

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] by knowingly providing substantial

assistance to an issuer in connection with the preparation or filing of any periodic or other report

with the Commission pursuant to Section 13(a) or the rules and regulations thereunder, which

fails to comply in any material respect with the requirements of Section 13(a) and the rules and

regulations thereunder.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty in the amount of $25,000 pursuant to Section 21(d)(3) of the Exchange Act.

Defendant shall make this payment within ten (10) business days after entry of this Final

Judgment by certified check, bank cashier's check, or United States postal money order payable

to the Securities and Exchange Commission. The payment shall be delivered or mailed to the

Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432

General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a

letter identifying Steve LeBarron as a defendant in this action; setting forth the title and civil

action number of this action and the name of this Court; and specifying that payment is made

pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such

4

payment and letter to the Commission's counsel in this action.  Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: Jan. 20 , 2007

_____
UNITED STATES DISTRICT JUDGE